```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

IVORI FOXX POGUES,           §
            Petitioner,      §
                             §
V.                           §      No. 4:20-CV-303-Y
                             §
LARRY FOWLER, Sheriff,       §
Parker County, Texas,        §
            Respondent.      §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Ivori Foxx Pogues, a state prisoner who was a pretrial detainee in the Parker County jail at the time of filing, against Larry Fowler, sheriff of Parker County, Texas, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for mootness.

### I.  Factual and Procedural History

Petitioner was indicted in Parker County, Texas, Case No. CR19-0979, for aggravated assault with a deadly weapon and was awaiting trial at the time this petition was filed. (Resp't's App., Ex. 8, 21, doc. 13-1.) Respondent has presented the following Statement of Facts with supporting documentation:

> On October 28, 2017, the Parker County Sheriff's Office ("PCSO") responded to a call for service regarding an alleged assault that occurred on October 27, 2017. On December 5, 2017, an arrest warrant was issued for Petitioner pursuant to §22.01(a)(l) Tex. Penal Code

(class A misdemeanor Assault Bodily Injury - Family Member), recommending bail amount be set at $2,500. Petitioner was arrested on this warrant on June 26, 2018 in Tarrant County, Texas. On June 27, 2018, Petitioner posted bond in the amount of $2,500 and was released from custody.

The case was initially filed, by the Parker County Attorney's Office, as a class A misdemeanor — Assault Bodily Injury — Family Member and the case was set for hearings in Cause No. CCL2-19-0121. Petitioner failed to appear for a March 27, 2019 hearing, and a failure to appear warrant was issued that same day. Bail was raised to $5,005. On September 19, 2019, Petitioner was arrested on the failure to appear warrant and placed in the Parker County Jail. Petitioner did not post bond. Parker County Court at Law No. 2 appointed attorney Andrew Herreth to represent Petitioner.

The Parker County Attorney's Office reviewed the misdemeanor assault case and discovered that the alleged victim in the case, G.F. was a child, 14 years of age at the time of the alleged assault. The case was presented to the Parker County District Attorney's Office for review as a felony. The Parker County District Attorney's Office presented the case to the grand jury, who on October 17, 2019, indicted Petitioner on the felony charge of Injury to a Child pursuant to §22.04 Tex. Penal Code.

On November 1, 2019, the Parker County District Attorney's Office filed a Motion for Post-Indictment Capias with Recommended Bond Amount and the 43rd Judicial District Court of Parker County ("Trial Court") ordered a capias be issued and set bail in the felony case at $15,000. Petitioner did not post bond. On November 12, 2019, a Motion to Dismiss, the misdemeanor case — CCL2-19-0121 was filed and the case was dismissed the following day.

Trial Court appointed Andrew Herreth to represent Petitioner in the felony case. On March 18, 2020, Trial Court entered an Agreed Order reducing bond to $7,500. Petitioner has not bonded out on this reduced amount and remains in the custody of the Parker County Jail awaiting trial which is set for August 10, 2020.

Petitioner has not requested any relief from Trial

Court, other than that of a bond reduction, which he received.

(Resp't's Request for Dismissal 2-3, doc. 13 (footnote omitted) (citations omitted).)

In this federal petition, Petitioner raises the following grounds for habeas relief, verbatim:

(1) Insufficient counsel and violation of right to adequate investigation has violated my due process and has held me in restraint longer than is necessary;

(2) State is barred from indictment in said case based on time limits to file for an indictment in a felony case;

(3) Indictment is defective in form and substance: it fails to state particular intent and to state that which is to be proved failing to charge offense by ommission [sic];

(4) Violation of investigatory due process by state and state investigators and law enforcement agencies involved in investigation;

(5) I am being held in jeopardy, being charged with two charges arising from the same incident where there is no grounds to charge more than one offense; and

(6) It is now known that statements, and material used to charge and indict me are meterially [sic] false, fictitous [sic], or fraudulent and any further restraint under such material is a violation of law.

(Pet. 5-7, doc. 6.[1]) Petitioner seeks dismissal of all charges and immediate release from custody. (Id. at 8.) Respondent has filed a request for dismissal based upon Petitioner's failure to exhaust

---

[1]The petition contains a page(s) inserted into the form petition, therefore the pagination in the ECF header is used.

3

his state-court remedies as to the grounds raised. (Resp't's Request for Dismissal 4-8, doc. 13.)

## II. Discussion

On this date, the Court has confirmed via telephonic communication with Respondent that Petitioner pleaded guilty and was convicted of the offense, sentenced, and released with time served on June 30, 2020. Petitioner has not notified the court of his current address.

As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen,* 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. United States Dep't of Labor,* 172 F.3d 1262, 1267 (10th Cir. 1999)). Petitioner has not provided a change of address to the clerk of court and his whereabouts are unknown. Furthermore, petitioner's conviction and release render the petition moot.

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for mootness. Respondent's request for dismissal on exhaustion grounds is DENIED.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the

4

denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

    SIGNED July 22, 2020.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

5